IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BRIAN SCOTT SCHWARM                                                                        PLAINTIFF
ADC #154761

V.                                      NO: 5:14CV00276 JM/JWC

CONNIE HUBBARD *et al.*                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.

       Mail your objections to:
       Clerk, United States District Court
       Eastern District of Arkansas
       600 West Capitol Avenue, Suite A149
       Little Rock, AR 72201-3325

### DISPOSITION

Plaintiff Brian Scott Schwarm, an inmate at the Pine Bluff Unit of the Arkansas Department of Correction ("ADC"), filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, on July 14, 2014, alleging he received inadequate medical care when a colonoscopy and treatment for ulcerative colitis were delayed. Defendants Connie Hubbard and William Kirk, filed a motion for summary judgment,

a statement of facts, and a brief in support, on March 2, 2015 (docket entries #64-#66). Plaintiff filed a response on March 30, 2015 (docket entry #72).

## I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th. Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff's complaint, on December 30, 2013, he was scheduled for a colonoscopy. When he did not have the procedure, Plaintiff began filing grievances, and eventually had the procedure on April 3, 2014. Plaintiff's grievance was found to be with merit because the procedure took place more than 60 days after it was ordered.

To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but

deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239. Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Defendants assert they are entitled to summary judgment because Plaintiff suffered at most a delay in medical care with no adverse effect, and that neither Defendant was deliberately indifferent to Plaintiff's medical needs.

Kirk does not provide medical care and is an administrator in the infirmary. Plaintiff appears to base his claims against Kirk on the position he holds. However, *respondeat superior* is not a basis of liability for § 1983 claims. *See Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997)(no *respondeat superior* liability for § 1983 violations); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (general responsibility for supervising prison operations is insufficient to establish personal involvement required to support liability; where prison official was not involved in treatment decisions and lacked medical expertise, and medical-care inquiries were referred to medical unit, claim should have been brought against individual directly responsible for inmate's medical care).

As relevant here, Hubbard first saw Plaintiff on December 20, 2013, and submitted a consultation request for a colonoscopy (docket entry #65-3, page #3). Hubbard also ordered fiber capsules for 30 days and hemorrhoidal suppositories. Hubbard's request was approved on December

3

30, 2013 (docket entry #72, page #13). Hubbard next saw Plaintiff on March 25, 2014. At that time, Hubbard provided treatment for unrelated conditions and advised him that he was scheduled for a colonoscopy (docket entry #65-3, page #28). On March 31, 2014, Plaintiff was transferred to another prison unit (docket entry #65-3, page #30) and he had the colonoscopy on April 3, 2014 (docket entry #65-3, page #35).

Plaintiff concedes that he has no evidence that either Defendant was responsible for the delay in his receipt of the colonoscopy (docket entry #65-2, pages #45 & #46). Even if Defendants were responsible for the delay, a delay in the provision of medical care is not itself a constitutional violation. *See Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006)(one month delay in treating fractured finger did not rise to a constitutional violation); *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 633 (8th Cir. 2009) (constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish). Not only has Plaintiff failed to provide evidence that either Defendant was responsible for the delay, he has provided no evidence to demonstrate any detrimental effect of the delay. When an inmate alleges that a delay in medical care constitutes a constitutional violation, he must allege, and eventually place in the record, verifying medical evidence establishing the detrimental effect of the delay. *Coleman v. Rahja*, 114 F.3d 778, 784 (8th Cir. 1997). Although Plaintiff asserts in his response that Defendants have not provided a complete copy of his medical records, Plaintiff does not suggest the medical records contain a medical encounter or any medical opinion that would establish a detrimental effect of the delay. Conversely, Defendants have provided the affidavit of Robert Floss, M.D., who has offered his opinion that the care plaintiff received was appropriate, and to the extent there was a delay, there was no adverse effect on Plaintiff's prognosis (docket entry #65-4). The medical records confirm there

was no indication Plaintiff suffered from a serious condition. Specifically, Dr. Floss stated:

> The colonoscopy ruled out several of the major concerns with respect to blood appearing in Schwarm's stool. There was no notation of a rectal carcinoma or diverticulitis (to be distinguished from diverticulosis). The colonoscopy did show chronic colitis with mild activity which can be treated conservatively and may resolve on its own. The medical records I have reviewed suggest that Schwarm's symptoms were appropriately treated.
> (docket entry #65-4, p. 5)

Accordingly, Defendants are entitled to summary judgment. *See Dulany v. Carnahan*, 132 F.3d at 1240 (In the face of medical records indicating that treatment was provided, and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that he does not believe he received adequate treatment).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The motion for summary judgment filed by Defendants Connie Hubbard and William Kirk (docket entry #64) be GRANTED, and Plaintiff's complaint be DISMISSED.

2. Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to his claims against Hubbard and Kirk.

3. Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE in all other respects.

4. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 6th day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE